UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MANUEL LOPEZ,
**Individually and on behalf
of those similarly situated,**

        Plaintiffs,

    -vs-                                        Case No. 14-C-281

**KMDG LLC,
d/b/a The Branded Steer Wood
Grill Rotisserie & Saloon, and
DENNIS GIANNOPOULOS,**

        Defendants.

## DECISION AND ORDER

This putative class action to recover unpaid overtime wages under the Fair Labor Standards Act ("FLSA") and Wisconsin's wage and hour laws is before the Court for approval of a settlement agreement between "Plaintiff Manuel Lopez and those individuals who have opted into this action, Jesus Flores, Homero Lopez, Antonio Aquino, Noe Guitron, Ever Lopez, Pedro Lopez, and Jose Rodriguez . . . and Defendants KMDG LLC, d/b/a The Braned [sic] Steer Wood Grill Rotisserie & Saloon and Dennis Giannopoulos." (ECF No. 21.) As will be further explained, the proposed stipulation raises several questions and will not be approved until they are resolved.

The FLSA permits collective action "against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Unlike a typical class action suit under Fed. R. Civ. P. 23, where an unwilling plaintiff must "opt out" of the class, a class action pursuant to Section 216(b) of the FLSA requires employees or former employees to "opt in" to the class, by filing a written consent to join the action. *Woods v. N.Y. Life Ins. Co.*, 686 F.2d 578, 579-80 (7th Cir. 1982) (explaining differences between collective action under the FLSA and class action certified pursuant to Rule 23).

While seeking court approval of the settlement as required by the FLSA, the parties do not address the collective action aspect of the case and, other than having the additional individuals opt in, Manuel Lopez has not sought conditional certification of the action. The parties' stipulation also cites cases regarding attorneys' fees, *In re Linerboard Antitrust Litig.*, 292 F. Supp. 2d 631, 640 (E.D. Pa. 2003) and *In re Rent-Way Sec. Litig.*, 305 F. Supp. 2d 491, 509 (W.D. Pa. 2003); however, both are class action cases. There is a further concern regarding the impact of *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011) on the proposed collective nature of the action. *See Morse v. Equity Lifestyle Props. Inc.,* No. 2:13-CV-00408-JMS-MJD, 2014 WL 1764927 at *3 (S.D. Ind. Apr. 30,

2014). Therefore, the Court will require the parties to file a response to the foregoing questions by the stated deadline.

The parties' attention is also directed to the first sentence in paragraph six of their stipulation which contains two typographical errors in the specified years.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

The parties **MUST** file a response to the questions raised by this Decision **on or before September 11, 2015**.

Dated at Milwaukee, Wisconsin, this 24th day of August, 2015.

                                      **BY THE COURT:**

                                      */s/ Rudolph T. Randa*

                                      **HON. RUDOLPH T. RANDA**
                                      **U.S. District Judge**